Filed 6/26/14  P. v. Wohlau CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C073088 |
| Plaintiff and Respondent, | (Super. Ct. No. CM035205) |
| v. | |
| SATRINA ALLISON WOHLAU, | |
| Defendant and Appellant. | |

This case comes to us pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Having reviewed the record as required by *Wende*, we affirm the judgment.

We provide the following description of the facts and procedural history of the case.  (See *People v. Kelly* (2006) 40 Cal.4th 106, 110, 124.)

Around September 29, 2011, defendant Satrina Allison Wohlau was found possessing hydrocodone.

On October 18, 2011, defendant pleaded no contest to possession of hydrocodone (Health & Saf. Code, § 11350) and placed on three years' Proposition 36 probation.

1

On January 12, 2012, defendant was reinstated on probation and ordered to complete a residential treatment program after she admitted violating probation by using methamphetamine.

Probation was revoked and defendant was referred to drug court on February 7, 2012, after she admitted violating probation by failing to appear in court as ordered. Defendant's probation was subsequently reinstated, extended, and modified to include the drug court requirements.

On July 12, 2012, probation was reinstated after defendant admitted violating probation by being terminated from her sober living environment.

On December 20, 2012, defendant admitted violating probation by moving her residence without approval. The trial court terminated probation, sentenced defendant to a stipulated term of two years in county prison, imposed various fines and fees, and awarded 32 days of presentence credit (16 actual and 16 conduct).

Defendant appeals. She did not obtain a certificate of probable cause.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and, pursuant to *Wende*, determine whether there are any arguable issues on appeal. Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant.

Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.

      MURRAY      , J.

We concur:

      MAURO      , Acting P. J.

      DUARTE      , J.